UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENTONS EUROPE CS LLP | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-01132 |
| | § | |
| GUIDRY & ASSOCIATES, INC. and | § | |
| GUIDRY SURGE LLC | § | |

### GUIDRY SURGE LLC'S MOTION TO DISMISS UNDER FRCP 12(B)(2) AND FRCP 12(B)(6) AND ALTERNATIVE MOTION TO DISMISS BASED ON THE DOCTRINE OF *FORUM NON-CONVENIENS*

Defendant Guidry Surge LLC (hereafter, "Guidry Surge") moves to dismiss this action pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) for lack of personal jurisdiction, and in the alternative, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) for failure to state a claim on which relief can be granted. Further in the alternative, Guidry Surge moves to dismiss under the doctrine of *forum non-conveniens*. In support of this motion, Guidry Surge relies on the attached Declarations of Jonathan G. Simpson (Exhibit A) and Michael A. Guidry (Exhibit B), and the following points and authorities. Guidry Surge also adopts and joins the motion to dismiss filed by Guidry & Associates, Inc. on June 12, 2024. [Doc. 12]

### Introduction

Guidry Surge moves to dismiss for lack of specific jurisdiction, failure to state a claim on which relief can be granted, and alternatively, under the doctrine of *forum non-conveniens*. Plaintiff has alleged no jurisdictional facts and Guidry Surge is not subject to general jurisdiction in Texas. The complaint also fails to allege any facts connecting this dispute or the movant with this forum, and movant has no connection with Texas which would support specific jurisdiction. Therefore,

because there is neither general nor specific jurisdiction, dismissal also is appropriate under Rule 12(b)(6).  Alternatively, the complaint should be dismissed because Dentons' admitted in the complaint that the Engagement Agreement was between it and defendant Guidry & Associates, Inc. – not Guidry Surge LLC.   Guidry Surge LLC is not a party to the Engagement Agreement and is nowhere mentioned in the Engagement Agreement made the basis of Dentons' complaint.  Dentons sued Guidry Surge without alleging why and without alleging how Guidry Surge has any connection to the Engagement Agreement or its alleged breach.  Jonathan Simpson, the Dentons partner who signed the written agreement, declared that *he did not know of the existence* of Guidry Surge LLC when he signed the agreement.  Jonathan Simpson and Michael Guidry also affirmed that Dentons provided no legal services to or for the benefit of Guidry Surge LLC.  Alternatively, dismissal is appropriate pursuant to the forum selection clause (FSC) and under the doctrine of *forum non-conveniens*.  Finally, since none of the foregoing matters can be cured by amendment, leave to amend should be denied as futile.

## I.
## Motion to Dismiss for Lack of Jurisdiction

*Guidry Surge, a Nevada LLC, Has Not Engaged in Continuous and Systematic General Business Contacts in Texas and Is Not Subject to General Jurisdiction in Texas*

1.      The complaint contains a mere conclusory allegation of diversity jurisdiction and pleads no allegations that would support jurisdiction.  Dentons plead only that:

a.      Guidry Surge LLC is a Nevada limited liability company [Doc. 1, ¶5]

b.      Dentons is an English entity with its principal place of business is Prague, Czech Republic. [Doc. 1, ¶7]

c.       "This Court has jurisdiction over this matter under 28 U.S.C. §1332(a). The amount

in controversy exceeds $75,000 and, on information and belief, there is diversity of citizenship between Plaintiff and Defendants." [Doc. 1, ¶7]

    d.    "Venue is proper here because Plaintiff's claims arise out of Defendants' conduct in Montgomery, Texas." [Doc. 1, ¶8]

2.    As shown by the declaration of Michael A. Guidry ("Ex. B"), Guidry Surge LLC has never engaged in systematic business in Texas. [Ex. B, ¶3, 3a]  It has not sued, or been sued in Texas. [Ex. B, ¶3.j.] It has no employees, office, phone, website, file server, accounts receivable, accounts payable or contracts in Texas. [Ex. B, ¶3.g-h]  Guidry Surge never owned or rented property, had employees, held assets, or conducted any other business of any kind in Texas. [Ex. B, ¶3b, c, d]  These facts are not disputed or disputable.  Therefore, Guidry Surge is not subject to general jurisdiction in Texas.

_Guidry Surge Is Not Subject to Specific Jurisdiction in Texas_

3.    The following facts are also not disputed or disputable:

    a.    The plaintiff "is a limited liability partnership registered in England and Wales . . ." and "[t]he client engagement from which this complaint arises was entered into by Dentons Europe's Prague branch, . . . Czech Republic." [Doc. 1, ¶2]

    b.    The legal services, representation and advice were performed in England and no services were provided within the United States. [Simpson, pg. 2]

    c.    No legal services, representation or advice was provided by Dentons to Guidry Surge. [Simpson, pg. 2]

4.    Guidry Surge LLC had no dealings with Dentons and none was alleged.  Further, Guidry Surge did not engage in any forum-related activities and none was alleged.  Dismissal is

---

appropriate where there are no forum-related activities.  *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408 413, 414 (1984).  The complaint is completely silent as to why Guidry Surge was named, just as it is  silent as to Dentons' theory of Guidry Surge's liability.

5.      Dentons' only specific allegation about Guidry Surge is in paragraph 5 of the complaint: "Guidry/Surge Limited is a Malta company" and "On information and belief, Guidry/Surge Limited is owned by Defendant Guidry/Surge LLC, a Nevada limited liability company owned 100% by Michael Guidry, with the principal place of business at 601 E. Charleston Blvd Ste 100 Las Vegas Nevada."  [sic] Such an allegation, particularly standing alone, is of no consequence even if true.  *Glenn v. BP p.l.c.* (*In re BP p.l.c. Sec. Litig.*), MDL No. 10-md-2185, at *15 (S.D. Tex. July 5, 2012, Ellison, D.J.) ("The fact that a relationship between a parent company and a subsidiary exists does not automatically establish personal jurisdiction over the parent on the basis of the subsidiary's minimum contacts with the forum. *Doe v. Unocal,* 248 F.3d 915, 925 (9th Cir. 2001)." [Ex. C]

6.      Defendant, Guidry Surge has no business operations or employees in Texas.  It was not formed in Texas and its principal place of business is not in Texas.  The only reason given for filing this action in Houston federal court is its conclusory statement that "Venue is proper here because Plaintiff's claims arise out of Defendants' conduct in Montgomery, Texas." Presumably, this allegation rests on the address given in the Engagement Agreement *for correspondence with Guidry & Associates, Inc.*  However, an address for correspondence does not constitute a connection to this forum and does not constitute "conduct" on the part of Guidry & Associates, Inc. – much less Guidry Surge.  In any event, Guidry Surge has not engaged in "conduct" in Montgomery, Texas.  In short, Dentons asserts nothing that even arguably ties this case to this forum.

7.     The Engagement Agreement was signed by an English solicitor in London for Dentons to provide legal services in England relating to a project with no connection to the forum or elsewhere in the United States and no connection with Guidry Surge. There is simply no basis for haling Guidry Surge into court in Texas. Accordingly, dismissal is warranted.

_Standard of Review_

8.     The standard of review for a decision on whether the Court may exercise personal jurisdiction over a defendant is de novo. _Dickson Marine Inc. v. Panalpina, Inc._, 179 F.3d 331, 335 (5th Cir. 1999).

> "A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant, and the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." _Goodman Co. v. a H Supply, Inc.,_ 396 F. Supp. 2d 766, 768-70 (S.D. Tex. 2005), citations omitted. The defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum. _Id,_ 770.

> "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. _Wilson v. Belin,_ 20 F.3d 644, 647 (5th Cir. 1994) (citing _Helicopteros Nacionales de Columbia, S.A. v. Hall,_ 466 U.S. 408, 414 n. 8 (1984))." _Id.,_ 771. "We have articulated a three-step analysis for specific jurisdiction: '(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.'" _McFadin v. Gerber,_ 587 F.3d 753, 759 (5th Cir. 2009).

9.     In this case, there simply are no minimum contacts, and no connection to the forum and no basis for the exercise of personal jurisdiction. "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court.' The defendant 'must not be haled into

a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or third person."'" *Id.* Yet these are the very bases on which Dentons seeks to hale Guidry Surge into court in Texas.

10. Conclusory allegations, even if uncontroverted, need not be accepted as true. *Johnston v. Multidata Systems International Corp.,* 523 F.3d 602, 609 (5th Cir. 2008). Dentons has alleged only the most conclusory of allegations. Dentons has not and cannot meet its burden to show a prima facie showing of personal jurisdiction. *See Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Dentons has not and cannot establish personal jurisdiction as to Guidry Surge. *See McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010); *see also Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006)*.*

*Dentons Made No Attempt to Allege Facts That Would Establish Specific Personal Jurisdiction over Guidry Surge*

11. Dentons did not allege any contacts that would subject Guidry Surge to personal jurisdiction in Texas. The sole jurisdictional allegation is that "conduct" occurred in this district. Dentons' only mention of Guidry Surge is its attenuated allegation that it is the owner of a Malta company. But Dentons fails to allege what connection the Malta company has to this case or why its ownership is relevant. [Doc. 1, ¶5] Even if Dentons had alleged the Malta company's connection to this case, suing Guidry Surge on "information and belief" that it is the owner is no basis for establishing liability – much less minimum contacts.

12. If Dentons was allowed to amend, it would not be able to allege jurisdictional facts against Guidry Surge because there is none. Guidry Surge has never engaged in systematic business in Texas and never did business with Dentons in Texas or anywhere else. Guidry Surge did not

benefit in any way, directly or indirectly, from the Engagement Agreement between Dentons and Guidry & Associates, Inc. and Jonathan Simpson did not even know of its existence.  Guidry Surge did not pay money to Dentons, do business with Dentons, attempt to do business with Dentons, or even communicate with Dentons.  Dentons did not represent Guidry Surge and never billed Guidry Surge.

13.     Dentons entirely failed to meet its burden of showing that Guidry Surge is subject to personal jurisdiction in Texas. As a result, this Court should grant defendant's motion and dismiss the claims against Guidry Surge with prejudice for lack of personal jurisdiction.

## II.
### In the Alternative, the Complaint Fails to State a Cause of Action on which Relief Can Be Granted

14.     Guidry Surge alternatively moves to dismiss for failure to state a cause of action on which relief may be granted.  *First,* the complaint alleges one count of breach of contract, an English law governed Engagement Agreement dated September 26, 2019.  The complaint alleges that "Guidry & Associates, Inc. signed" the Engagement Agreement. [Doc. 1, ¶4]  It cannot and does not allege that Guidry Surge LLC signed the Engagement Agreement. The Engagement Agreement [Doc 1-1] makes no mention whatsoever of "Guidry Surge LLC."  For this reason alone, Dentons' fails to state a claim against Guidry Surge.  *Second,* the complaint is facially implausible and fails to state a cause of action as it is based on invoices which were never issued or which were withdrawn, makes no allegation that any invoices were sent to Guidry Surge, and fails to allege satisfaction of conditions precedent or compliance with English law – including the Solicitors Act 1974 (UK).[1]

---

[1]The complete, official text of the SOLICITORS ACT 1974 (UK) is available at https://www.legislation.gov.uk/ukpga/1974/47/contents [last accessed on June 11, 2024]

_Legal Standard_

15.     The standard of review for a decision on whether to dismiss a claim under FED. R. CIV. P. 12(b)(6) is de novo. _Ruiz v. Brennan_, 851 F.3d 464, 468 (5th Cir. 2017).  To survive a motion to dismiss for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6), the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. _Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." _Id._ "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level.'" _Cicalese v. Univ. Tex. Med. Branch_, 924 F.3d 762, 765 (5th Cir. 2019) (quoting _Twombly_, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." _Cuvillier v. Taylor_, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting _Twombly_, 550 U.S. at 558).

16.     Taking Dentons' allegations as true, Guidry Surge is entitled to dismissal because it did not sign and was not a party to the Engagement Agreement.  Guidry Surge derived no direct or indirect benefit from the Engagement Agreement and was never represented or advised by Dentons. Guidry Surge had no dealings with Dentons and even its existence was unknown to Dentons.  There is simply no basis alleged in the complaint and none exists that would establish liability on the part of Guidry Surge.

_Guidry Surge Cannot Be Liable on a Contract It Did Not Sign_

17.     The Engagement Agreement is governed by English law because the Terms of

Business expressly so states: "the Agreement shall be governed by the laws of the jurisdiction where the Dentons Legal Practice being a party to the Letter is located." [Simpson, pg. 2-3] The Dentons "Legal Practice" in this case is located in England:

> **Dentons Europe CS LLP is a Limited Liability Partnership in England and Wales with Registration Number OC 340214. A list of the members of Dentons Europe CS LLP is available at its Registered Office: One Fleet Place, London EC4P 4GD, United Kingdom. Please see dentons.com for Legal Notices**.

This text appears in bold text on the bottom of the first page of the Engagement Agreement, attached as Exhibit A to the Complaint. [Doc 1-1, pg. 1]  The complaint separately alleges that Dentons "is an English limited liability partnership". [Doc. 1, ¶7]

18.     As previously stated, the complaint alleges that contract at issue (the "Engagement Agreement") was executed by  "Guidry & Associates, Inc." – not Guidry Surge LLC. [Doc. 1-1]

19.     The Engagement Agreement was drafted, negotiated, executed and performed by Dentons in England. [Simpson, pg. 2-3] Because England is "the jurisdiction where the Dentons Legal Practice being a party to the Letter is located", English law governs the Engagement Agreement.

20.     The English solicitor and Dentons partner who drafted, negotiated and executed the Engagement Agreement declared that, "Under English law, a client would be entitled to summary judgment in its favour as to invoices which were billed to the wrong party." [Simpson, pg. 4.] Dentons's complaint does not and cannot allege that Dentons issued any invoices for any amount, at any time, to Guidry Surge.  Similarly, the complaint cannot and does not make any allegation that Guidry Surge benefitted in any way, directly or indirectly, from any legal services allegedly provided to Guidry & Associates.

21.     Simpson's declaration at pages 3-4 conclusively shows that Guidry Surge can have

no liability:

> "As a partner of Dentons, in executing the engagement letter, I had no intention to
> advise or represent Guidry Surge LLC. To the best of my knowledge, I had no
> knowledge of the existence of Guidry Surge LLC during Dentons' representation of
> Guidry & Associates, Inc. Neither I nor any other lawyer at Dentons provided advice
> or representation to Guidry Surge LLC at any time, either pursuant to the engagement
> letter or otherwise.
>
> * * *
>
> "Guidry Surge LLC had no role, ownership or interest of any kind, directly or
> indirectly, in regard to the project described in the complaint."

*Dentons Provided No Services to Guidry Surge and Never Billed Guidry Surge*

22.     Mr. Simpson categorically states that Dentons did not bill Guidry Surge for anything

and did not provide it with any services whatsoever.

> "Guidry Surge LLC was not a client of Dentons at any time, nor did Dentons
> represent or advise Guidry Surge LLC under the engagement letter or otherwise.
>
> "No invoices for legal services were issued or sent to Guidry Surge LLC by Dentons
> at any time, either pursuant to the engagement letter or otherwise.
>
> "None of the invoices listed and described in the complaint was issued to Guidry
> Surge LLC.
>
> "None of the invoices listed and described in the complaint related in any way to
> Guidry Surge LLC.  [Simpson, pg. 3-4]

Significantly, these unambiguous, affirmative statements were made by the Dentons' partner who

both drafted the Engagement Agreement and who was "the Client Partner for this work [with]

overall supervision of your matter." [Doc. 1-1, pg. 4] Mr. Simpson's testimony completely closes

the door on Dentons' claim against Guidry Surge.

*The Engagement Agreement Attached to the Complaint Is Not Complete*

23.     Mr. Simpson's declaration (at pg. 2) also confirms that, contrary to Dentons' allegation that "A true and correct copy of this Engagement Agreement is attached hereto as Exhibit A" [Complaint, ¶9], the attachment omits Dentons' "standard Terms of Business [which] should be read in conjunction with this Engagement Agreement" [Doc. 1-1, pg. 1].   The Engagement Agreement also provides that "Our responsibilities to you are as set out in this letter and the Terms of Business" and that "we reserve the right to suspend work until [payment] is received or terminate the retainer as referred to in the Terms of Business."   The letter ends with the request that the client "sign, date and return the enclosed copy of this letter as confirmation of your acceptance of the above terms and those contained in the enclosed Terms of Business."   In summary, the sole basis of Dentons' lawsuit against an entity over which there is no jurisdiction is a facially incomplete contract to which that entity is not a party.

## III.
## Alternatively, This Case Should Be Dismissed
## Under the Doctrine of *Forum Non-Conveniens*

24.     Guidry Surge moves in the alternative for dismissal of this case under the doctrine of *forum non-conveniens.* In support, Guidry Surge incorporates and relies on the preceding section of this brief, the declarations of Jonathan Simpson and Michael Guidry (Exhibits A and B), and the following, additional points and authorities.

*Dentons' Contract Contains a Forum Selection Clause (FSC)*

25.     As discussed above, the agreement contains a forum selection clause ("FSC") requiring disputes to be governed by the law of, and resolved "in the jurisdiction where the Dentons Legal Practice being a party to the Letter is located." [Simpson, pg. 2-3] All services were rendered

in England by English solicitors with no connection to the U.S. or U.S. law. [Simpson, pg. 2]   Thus, England is the agreed forum for resolution of any dispute arising under the Engagement Agreement.

26.     Under the doctrine of *forum non-conveniens,* a forum selection clause (FSC) "should be 'given controlling weight in all but the most exceptional cases.'" *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.,* 571 U.S. 49, 63 (2013) (internal citation omitted). Further, because Dentons filed suit in the United States in violation of the FSC in its own contract, Dentons' choice of forum is given no weight.   Instead, the burden to establish dismissal is unwarranted shifts to Dentons as the party defying the FSC.   Under *Atlantic Marine,* the Court should not consider the private interest factors:

> "The presence of a valid forum-selection clause requires district courts to adjust their usual §1404(a) [or forum non-conveniens] analysis in three ways. First, the plaintiff's choice of forum merits no weight, and the plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Second, the court should not consider the parties' private interests aside from those embodied in the forum-selection clause; it may consider only public interests. Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules. *Id.,* at 51 (internal citations omitted).

*The Public Interest Factors Cannot Defeat Dismissal in This Case*

27.     In  *BBC Chartering & Logistic GmbH & Co. K.G. v. Siemens Wind Power A/S*, 546 F. Supp. 2d 437, 444 (S.D. Tex. 2008 – Hittner, District Judge), this Court stated:

> "The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies resolved at home; (3) the interest in having a trial in a forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Dickson Marine Inc. v. Panalpina, Inc.,*179 F.3d

331, 342 (5th Cir. 1999); *In re Air Crash,* 821 F.2d at 1162-63. When considering the public interest factors, the key question a court must answer is 'whether the case has a general nexus with the forum sufficient to justify the forum's commitment of judicial time and resources to it.' *Seguros Comercial Americas S.A. De C.V. v. Am. President Lines, Ltd.,* 933 F. Supp. 1301, 1313 (S.D. Tex. 1996) ('*Seguros II*')."

28.     There are no public interest factors in this case that favor Texas and Dentons has plead none.  Defendant submits that the administrative burdens of this case proceeding in Houston, Texas are obviously greater than if the case proceeds in England.  In England, this case would be resolved non-judicially through the costs assessment process under the Solicitors Act 1974 (UK). On the other hand, if this case is allowed to proceed in Texas federal court, it will do so like any other federal civil lawsuit.

29.     The public interest factor of local interests in having localized controversies resolved at home likewise points to England.  In the first place, this case has nothing to do with Texas and none of the material witnesses are in the United States.  As a result, if the case remains in Texas, this Court will undoubtedly be forced to deal with significant and burdensome discovery and trial issues. Since none of the English solicitors named in the Engagement Agreement can be compelled to sit for depositions or to testify live in the United States, their testimony would have to be presented at trial by deposition.

30.     It is in the public interest that the trial proceed in England since obviously, it is familiar with governing English law and the English tribunal will not have to sort out unnecessary conflicts of law issues or familiarize itself with foreign law.

31.     Finally, it would be unfair to burden Texas citizens with jury duty in this entirely foreign case where all or substantially all the evidence would have to be presented by deposition.

32.     In sum, this case simply lacks any "nexus with the forum sufficient to justify the

forum's commitment of judicial time and resources to it." *BBC Chartering*, 546 F. Supp. 2d, 444.

*The Simpson Declaration Is Sufficient to Decide This Issue*

33.     Jonathan Simpson's declaration affirms that the public interest factors weigh heavily

in favor of dismissal for *forum non-conveniens* and it and demonstrates the evidentiary problems that

would arise in a trial in the United States.  Such a declaration was held to be a sufficient basis for

dismissal by the Supreme Court in *Piper Aircraft v. Reyno,* 454 U.S. 235*,* 258-259 (1981).

> "[Defendants] moved for dismissal precisely because many crucial witnesses are
> located beyond the reach of compulsory process, and thus are difficult to identify or
> interview. Requiring extensive investigation would defeat the purpose of their
> motion. Of course, defendants must provide enough information to enable the
> District Court to balance the parties' interests. Our examination of the record
> convinces us that sufficient information was provided here. Both Piper and Hartzell
> submitted affidavits describing the evidentiary problems they would face if the trial
> were held in the United States.".

34.     Dentons failed to allege jurisdictional facts and failed to allege any connection with

either defendant or this case to Texas.  Further, Mr. Simpson's declaration convincingly shows that

there are no such facts and that there is no evidence that even arguably shows dismissal would be

unwarranted.  The complaint itself reveals that Dentons is not a U.S. entity, that it conducts no

business in the U.S., it has no office in the U.S., and it has no other connection of any kind to or in

the United States.  "Indeed, where United States legal services were required at one stage, they were

provided under a separate engagement with Dentons US LLP. [Simpson, pg. 2] Thus, even without

the FSC, dismissal is not unwarranted.

## IV.
## Conclusion

35.     Guidry Surge is not subject to general jurisdiction in this case because it is a Nevada

citizen with no operations in Texas.  Guidry Surge is not subject to specific jurisdiction as a matter

of law because it has no connection with Texas or this case.  This case should therefore be dismissed

for lack of personal jurisdiction. Alternatively, this Court should dismiss the claim against Guidry

Surge pursuant to FED. R. CIV. P. 12(b)(6), because as a matter of law, Guidry Surge cannot be liable

for the alleged breach of a contract which it did not sign, from which it derived no benefit, and in

which it is neither mentioned or contemplated.  Further in the alternative, this Court should dismiss

Dentons' claim under the doctrine of *forum non-conveniens*.

Respectfully submitted,

*/s/ J. Mark Brewer*
J. Mark Brewer
Texas Bar No. 02965010
Southern District of Texas No. 9909
800 Bering Drive, Suite 201
Houston, Texas 77057
Telephone: (830) 307-7810
ATTORNEY IN CHARGE FOR DEFENDANT
GUIDRY SURGE LLC

CERTIFICATE OF SERVICE

I certify service of this document via PACER, the court's e-filing system, to all counsel of record on this 13th day of June, 2024.

*/s/ J. Mark Brewer*
J. Mark Brewer